IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE L. BROWN,

    Petitioner,        No. CIV-S-11-0448 CKD P

  vs.

KEN CLARK,

    Respondent.        ORDER

_____/

       Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of 25 years-to-life entered upon a conviction for possession of child pornography. He challenges his sentence. Both parties have consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c)(1).

I. Standard For Habeas Relief

       An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

1

     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

     The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

     The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

     A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

/////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

2

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. Harrington, 131 S. Ct. 786.

If the state court does not reach the merits of a particular claim, de novo review applies. Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004).

II. Analysis

Petitioner asserts his sentence of 25 years-to-life imprisonment amounts to cruel and unusual punishment in violation of the Eighth Amendment. Petitioner received that sentence under California's "Three Strikes Law" after a jury had found that petitioner had possessed child pornography and sustained two convictions for child molestation in 1987.

The Eighth Amendment requires that a sentence not be grossly disproportionate to the crime committed. Ewing v. California, 538 U.S. 11, 23-24 (2003). However, successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 101 (1991) (Kennedy, J., concurring) (citing Solem v. Helm). In Ewing v. California, 538 U.S. 11, 29 (2003), the Supreme Court held that a

1  "Three Strikes" sentence of 25 years-to-life imposed on a grand theft conviction involving the
2  theft of three golf clubs from a pro shop with the prior "strikes" being for burglary and robbery
3  was not grossly disproportionate and did not violate the Eighth Amendment.

4  In addressing whether petitioner's sentence is proportionate to his crime, the
5  California Court of Appeal, the last court to issue a reasoned opinion with respect to petitioner's
6  Eighth Amendment claim, found as follows:

> Although defendant may not have incurred any *convictions* in the years between his release from prison [in 1994] and arrest for the present offense in 2007, by his own admission he had been getting pornographic images of young girls from the internet for years before his arrest until these became scarce as a result of the anitcrime efforts of the government. Defendant persisted in this behavior despite the previous punishments. Although he did not directly abuse children himself, he contributed to the abuse of the children in the images through being part of the market for the pictures compounding the original violations with further distribution of shameful images into the hands of strangers. His sentence is therefore proportional to the far from de minimis present offense and his unregenerate character as an exploiter of children (whether real or virtual) over the course of his life [footnote omitted].

15  People v. Brown, No. C062192, 2010 WL 2048291, at *4 (Cal. Ct. App. May 24, 2010).

16  After reviewing the entire file in this matter the court finds that petitioner is barred
17  from obtaining habeas relief under 28 U.S.C. § 2254(d). The California Court of Appeal
18  identified correctly that the touchstone of any Eighth Amendment claim concerning the length of
19  a sentence is proportionality between crime and sentence. Id. The Court of Appeal's conclusion
20  that petitioner's sentence is proportionate to his crime is not contrary to, nor does it concern an
21  unreasonable application of any Supreme Court authority. Further, the decision is not based on
22  an unreasonable determination of the facts. For these reasons, petitioner's Eighth Amendment
23  claim mut be rejected.

24  The court notes that respondent asserts petitioner's Eighth Amendment claim has
25  been "procedurally defaulted." In light of the foregoing, the court need not address this
26  /////

argument. See <u>Lambrix v. Singletary</u>, 520 U.S. 518, 525 (1997) (district court may reach the merits of a habeas petitioner's claim even if procedural default is asserted).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied; and

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] brow448.157